BUCHALTER
A Professional Corporation
WILLMORE F. HOLBROW III (SBN: 169688)
1000 Wilshire Boulevard, Suite 1500
Los Angeles, CA 90017-1730
Telephone: 213.891.0700
Fax: 213.896.0400
Email: wholbrow@buchalter.com

Attorneys for Plaintiff SPIRIT CLOTHING COMPANY

BESHADA FARNESE LLP
PETER J. FARNESE (SBN: 251204)
11601 Wilshire Boulevard, Suite 500
Los Angeles, CA 90025
Telephone: 310.356.4668
Fax: 310.388.1232
Email: pjf@beshadafarneselaw.com

EPSTEIN DRANGEL LLP
ASHLY E. SANDS
Email: asands@ipcounselors.com
KERRY B. BROWNLEE
Email: kbrownlee@ipcounselors.com
60 East 42nd Street, Suite 2520
New York, NY 10165
Telephone: 212.292.5390
Facsimile: 212.292.5391

Attorneys for Defendants PALM ANGELS S.R.L. and 1220 COLLINS AVENUE, INC. dba The Webster

NOTE: CHANGES MADE BY THE COURT

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SPIRIT CLOTHING COMPANY,<br><br>　　　　Plaintiff/Counterclaim-Defendant,<br><br>　　vs.<br><br>PALM ANGELS S.R.L., COLLINS AVENUE, INC., dba THE WEBSTER, YNAP CORPORATION,<br><br>　　　　Defendants/Counterclaim-Plaintiffs. | Case No. 2:18-cv-03258-VAP-JPR<br>Honorable Judge Virginia A. Phillips<br><br>**STIPULATION AND [P̶R̶O̶P̶O̶S̶E̶D̶] PROTECTIVE ORDER** |

## I. PURPOSES AND LIMITATIONS

The parties, through their respective counsel, hereby stipulate to and petition the Court to enter the following Stipulated Protective Order (the "Order"). The parties acknowledge and understand that this Order does not confer blanket protection on all disclosures or responses to discovery; the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle the parties to file confidential information under seal. Nevertheless, the parties agree that good cause exists for this Order and that such an order is in the best interests of both parties.

## II. USE AT TRIAL

All documents designated as trial exhibits shall not be covered by the terms of this Order at the time of trial, even if they are appropriately designated Confidential or Attorneys' Eyes Only, unless the party seeking to maintain the confidentiality of documents shows a compelling reason as to why the material should remain confidential to the Court, in advance of trial. Notwithstanding the above, the parties will maintain as confidential, in accordance with this Order, all Confidential Material exchanged pursuant to this Order before and after trial.

## III. CONFIDENTIAL MATERIAL

"Confidential Material" shall include the following nonpublic documents and tangible things produced, disclosed, or otherwise exchanged: documents containing non-public, commercially sensitive information or information subject to a legally protected right of privacy; documents subject to confidentiality agreements with third parties; documents containing sales information, pricing and discount strategies; documents containing or evidencing proprietary business methods and strategies; and documents evidencing proprietary design techniques.

1. **Scope**

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

The protections conferred by this Order cover not only Confidential Material, but also (1) any information copied or extracted from Confidential Material; (2) all copies, excerpts, summaries, or compilations of Confidential Material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential Material.

However, the restrictions set forth in this Order will not apply to information which is known to the receiving party or the public before the date of its transmission to the receiving party, or which becomes known to the public after the date of its transmission to the receiving party, provided that such information does not become publicly known by any act or omission of the receiving party, its employees or agents, which would be in violation of this Order; provided, further, that the provisions of this paragraph are not self-executing and may not be invoked on a self-help basis. A party who contends that material designated as Confidential Material (at either level defined herein) under this Order should remain confidential shall have the burden of proving that contention in any proceeding where a confidentiality designation is at issue.

## IV. ACCESS TO AND USE OF CONFIDENTIAL MATERIAL

### 4.1 Basic Principles

A receiving party may use Confidential Material that is disclosed or produced by another party or by a non-party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. By way of example only, Confidential Material or any information derived therefrom may not be used to help form a basis to add additional parties to the lawsuit or initiate discovery therefrom. Confidential Material may be disclosed only to the categories of persons and under the conditions described in this Order. Confidential Material must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

### 4.2 Disclosure of Confidential Information or Items

Unless otherwise ordered by the Court or permitted in writing by the designating party, any Confidential Material designated as "Confidential" including copies or excerpts thereof, or analyses or reports which pertain thereto, may only be disclosed to:

    (a)    Attorneys of record for the receiving party and their immediate staff ;

    (b)    Judges, magistrate judges, law clerks and other clerical personnel of the Court before which this action is pending;

    (c)    Independent experts whom the receiving party identifies (name, company and CV) to the producing party, provided such experts have been provided with a copy of this Order and have executed an "Agreement to Be Bound" in the form attached as Exhibit A hereto and after being so informed, if the producing party, has any objections to the proposed independent expert, it shall notify the receiving party in writing within five (5) calendar days of receiving such identification. The parties will attempt to resolve any difference concerning such independent experts, but if they are unable to do so, the receiving party may seek relief from the Court according to the procedure established in Local Civil Rule 37. No disclosure of the information shall be made to the proposed independent expert until after the Court has ruled upon the issue;

    (d)    Witnesses or deponents in this action, and their counsel, only to the extent necessary to prepare for or conduct testimony or depositions, and provided such witnesses or deponents have been provided with a copy of this Order and have executed an "Agreement to Be Bound" in the form attached as Exhibit A hereto;

    (e)    Owners, officers and directors of the parties, provided that such disclosure is made only to the extent deemed reasonably necessary by the attorneys of record for the purpose of assisting in the prosecution or defense of the action and not for any business, governmental or regulatory purpose or function, except as may be subpoenaed by any court, administrative or legislative body;

(f) Any person identified from the four corners of the Confidential Material itself as having authored or previously received the Confidential Material;

(g) Any other persons specifically designated by the consent of the attorneys of record for each party provided that such persons have been provided with a copy of this Order and have executed an "Agreement to Be Bound" in the form attached as Exhibit A hereto, or pursuant to an order of the Court.

Confidential Material designated as "Attorneys' Eyes Only" as well as any copies or excerpts thereof, or analyses or reports which pertain thereto, may only be disclosed to persons identified in Sections 4.2(a) through (c) and (f) through (g), of this Order.

### 4.4 Filing Confidential Material

Before filing Confidential Material or discussing or referencing such material in court filings, the filing party shall confer with the designating party to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. The procedure for filing Confidential Material shall be the procedure stated by the rules of this Court and the Local Rules of the United States District Court for the Central District of California.

### V. DESIGNATING PROTECTED MATERIAL

### 5.1 Governing Standards

Any information produced by any party or non-party as part of discovery in this action may be designated by the producing party(ies) as "Confidential" or "Attorneys' Eyes Only." A document may be designated "Confidential" when the producing party has a good faith belief that it contains non-public, confidential, proprietary, commercially sensitive information, and/or information subject to a legally protected right of privacy. A document may be designated "Attorneys' Eyes Only" only when the producing party has a good faith belief that it contains pricing, supplier identifiers, commercially sensitive information, and/or any information

that would put the producing person or entity at a competitive disadvantage if the information were disclosed.

### 5.2 Exercise of Restraint and Care in Designating Material for Protection

Each party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

Any information which is publicly available, including any information which can be ascertained from examination of a product sold by any party, should not be designated as "Confidential" or "Attorneys' Eyes Only."

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

### 5.3 Manner and Timing of Designations

Any party or non-party wishing to invoke the confidentiality provisions of this Order as to produced things and documents, may designate, in writing, the things and documents (as defined in Rule 34 Fed. R. Civ. P. and Rule 1002 Fed. R. Evid.) or portions thereof which it considers to be Confidential Material at the time the things and documents are produced. Such designation must be clear and

unambiguous.

(a) <u>Information in documentary form:</u> in designating documents (as defined in Rule 34. Fed. R. Civ. P. and Rule 1001 Fed. R. Evid.), the designating party must affix the word(s) "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" to each page that contains Confidential Material. If only a portion of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b) <u>Testimony given in deposition or in other discovery-related procedings:</u> the witness or his or her counsel may invoke the provisions of this Order by claiming confidentiality in a timely manner and designating the level of restriction. During the deposition, parties shall be excluded only from testimony designated "Attorneys' Eyes Only." The witness under deposition or his or her counsel may, within ten (10) calendar days of receiving a deposition transcript, designate portions of the transcript, or exhibits thereto, as confidential, or change the level of restriction of the transcript or any portion thereof. During the ten-day (10-day) period, counsel for the parties shall treat the entire transcript as if it had been designated "Attorneys' Eyes Only." Testimony that has been designated "Confidential" or "Attorneys' Eyes Only" on the record of the deposition shall be transcribed in a separate booklet marked accordingly on each page, or shall be appropriately redacted.

(c) <u>Other tangible items:</u> the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word(s) "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

### 5.4 Inadvertent Failures to Designate.

If timely corrected within ten-days (10-days) of first realizing it, an inadvertent failure to designate Confidential Material or items does not, standing alone, waive the designating party's right to secure protection under this Order for the same. Upon timely correction of a designation, the receiving party must make reasonable efforts to ensure that the Confidential Material is treated in accordance with the provisions of this agreement.

## VI. CHALLENGING CONFIDENTIALITY DESIGNATIONS

If, at any time during preparation for trial consistent with the Court's scheduling order, any party believes that any other party or non-party has unreasonably designated certain material as "Confidential" or "Attorneys' Eyes Only" or believes that it is necessary to disclose designated material to persons other than those permitted by this Order, and the producing party does not agree to change the designation or to further disclosure, the objecting party may make an appropriate application to this Court in accordance with the procedures established in Local Civil Rule 37 and upon notice to all parties and to any non-party who designated the material.

## VII. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY," that party must:

(a) Promptly notify the designating party in writing and include a copy of the subpoena or court order unless prohibited by law;

(b) Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Order. Such notification shall include a copy of this Order; and

(c) Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose Confidential Material may be affected.

## VIII. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a receiving party learns that, by inadvertence or otherwise, it has disclosed, Confidential Material to any person or in circumstance not authorized under this Order, the receiving party must immediately (a) notify in writing the, designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Agreement to Be Bound" that is attached hereto as Exhibit A.

## IX. NON-TERMINATION AND RETURN OF DOCUMENTS

Within 30 days after the termination of this action, including all appeals, each receiving party must return all Confidential Material, including material designated "Attorneys' Eyes Only," to the producing party, including all copies, extracts and summaries thereof. Alternatively, the parties may agree upon appropriate methods of destruction.

Notwithstanding this provision, the attorney of record may retain one (1) copy of any designated documents attached to any pleading filed with the Court.

The confidentiality obligations imposed by this Order shall remain in effect in perpetuity, to the extent permitted by the Court, or until the Court orders otherwise. Pursuant to Section IV above, no confidentiality obligations will apply to materials made public during the trial of this action. The parties agree to maintain as confidential any designated Confidential Material exchanged during preparation for trial but not made public.

## X. CONTINUATION OF OTHER PRIVILEGES AND PROTECTIONS

This Order shall not prejudice the right of any party on non-party to oppose production of any material on the ground of attorney-client privilege, work product

immunity, or any other protection provided under the law.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD**

DATED: October 4, 2018　　　　　BUCHALTER
　　　　　　　　　　　　　　　　A Professional Corporation


By: */s/Willmore F. Holbrow III*
　　　WILLMORE F. HOLBROW III
　　　Attorneys for Plaintiff

DATED: October 4, 2018　　　　　BESHADA FARNESE LLP


By: */s/Peter J/ Farmese*
　　　PETER J. FARNESE
　　　Attorneys for Defendants

DATED: October 4, 2018　　　　　EPSTEIN DRANGEL LLP



By: */s/Ashly E. Sands*
　　　ASHLY E. SANDS
　　　KERRY B. BROWNLEE
　　　Attorneys for Defendants

**Protective Order**

PURSUANT TO STIPULATION, **IT IS SO ORDERED**:

Dated: October 23, 2018 _____ /s/ Jean Rosenbluth

Honorable Judge Jean P. Rosenbluth
United States Magistrate Judge

**Protective Order**

# EXHIBIT A
# AGREEMENT TO BE BOUND

I, _____ [print or type full name] of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protected Order (the "Order") that was issued by the United States District Court of the Central District of California in the case of *Spirit Clothing Company v Palm Angels S.R.L, et al.*, Case No: 2:18-cv-3258-VAP-JPR. I agree to comply with and to be bound by all the terms of the Order, and I understand and acknowledge that any failure to comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Order, even if such an enforcement proceedings occur after termination of this action.

_____